J-S40025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                               :              PENNSYLVANIA
                               :
             v.                    :
                               :
                               :
CLIFFORD JOSEPH KAROLSKI       :
                               :
           Appellant         :    No. 80 WDA 2019

Appeal from the PCRA Order Entered December 31, 2018
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0000177-2016,
CP-04-CR-0000342-2013, CP-04-CR-0000762-2015,
CP-04-CR-0000765-2012

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.: **FILED OCTOBER 31, 2019**

Because I would find that this appeal should not be quashed pursuant

to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), I must respectfully

dissent.

The trial court entered its "Final Order" on December 31, 2018.  This

single document included a caption referencing four docket numbers, CP-04-

CR-762-2015;  CP-04-CR-765-2012;  CP-O4-CR-342-2013;  and  CP-04-CR-

177-2016.  The Final Order provided that "the above-captioned matter" was

dismissed, and Karolski was "advised of his right to appeal this Order to the

Superior Court of Pennsylvania within thirty (30) days of this date."

---

[*] Retired Senior Judge assigned to the Superior Court.

In my view, **Walker** should not be applied because any defect in Karolski's notice of appeal resulted from a breakdown in court operations. The trial court misadvised Karolski in the Final Order that his four docket numbers were being treated as a single "matter," that a single "Order" resolved all of his cases, and that he had a single "right to appeal" the Order to this Court. The trial court even stated in its 1925(a) Opinion that Karolski's notice of appeal comported with the rules of appellate procedure because the issues raised in the appeal pertained to only one docket number. **See** 1925(a) Opinion, 2/26/2019, at 1 n.1.

As we held in **Commonwealth v. Stansbury**, 303 EDA 2019, at *3 (Pa. Super. September 5, 2019), a party should not be held responsible for a procedural error that flows from a court's misadvice. **See also Commonwealth v. Villanueva**, 1863 MDA 2018, at *2 (Pa. Super. October 8, 2019) (unpublished memorandum) ("The trial court's inaccurate statement that Appellant could file a single appeal from the sentences at three different dockets constitutes a breakdown of court operations such that the resultant defect in the notices of appeal may be overlooked."); **Commonwealth v. Hackley**, 1769 MDA 2018, at *2 (Pa. Super. September. 23, 2019) (unpublished memorandum) (finding **Walker** inapplicable because "the trial court essentially told [the defendant] that there was one order, and that he was entitled to only one appeal.").

An alternative basis for my dissent, albeit one that also would result in quashing Karolski's appeal as interlocutory, is the trial court's failure to comport with Pa.R.A.P. 301. In pertinent part, that Rule provides:

**Rule 301. Requisites for an Appealable Order.**

(a) *Entry upon docket below.*

  (1) Except as provided in paragraph (2) of this subdivision, no order of a court shall be appealable until it has been entered upon the appropriate docket in the lower court. Where under the applicable practice below an order is entered in two or more dockets, the order has been entered for the purposes of appeal when it has been entered in the first appropriate docket.

  (2) In a criminal case in which no post-sentence motion has been filed, a judgment of sentence is appealable upon the imposition of sentence in open court.

(b) *Separate document required*.—Every order shall be set forth on a separate document.

In this case, Karolski's appeal really concerns four final orders – one for each docket number on the caption – all of which are set forth on a single document. Because the trial court disposed of four different cases in one document, the "requisites for an appealable order" under Pa.R.A.P. 301 have not been met. **See also** Pa.R.A.P. 341(d) (defining a "final order" subject to appellate review). Because there was no appealable order in any of those cases, under this rationale, I would quash the appeal(s) as interlocutory and remand to the trial court to issue a separate final order for each docket

number. Accordingly, I would hold that **_Walker_** does not apply[1] and respectfully dissent.

---

[1] **_Walker_** did not address any of the requisites of appealability under Pa.R.A.P. 301; nor did it address whether a deficient notice of appeal could be forgiven as a result of a breakdown in court operations due to a court's misadvice.